# JOHN B. JOLLY AND G. P. CALVIN, ADMINISTRATORS, ETC., ET AL.,

## v.

## STEPHEN FITZGERALD ET AL.

Res Adjudicata—*Bankrupt Act of 1867—Fraudulent Conveyances—Parties—Right of Action in Assignee—Limitation of Two Years.*

1. The decision of a court of competent jurisdiction is a final and conclusive settlement of the questions involved in any particular controversy as to the parties concerned therein, and as to any title claimed through or under them.

2. Under the provisions of the Bankrupt Act of 1867, the assignee alone could maintain a suit, after the adjudication, to set aside fraudulent conveyances made by the bankrupt, to subject property of the bankrupt held in the name of another to the payment of claims proved and allowed, or to remove secret trusts.

3. In the case presented, it is *held:* That creditors whose claims were proved and allowed against the bankrupt's estate, can not maintain a bill to set aside fraudulent conveyances and to remove a secret trust; that the assignee only could bring said suit; and that his failure so to do within the statutory limitation of two years would not transfer the right of action to the creditors.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of White County; the Hon. CARROLL C. BOGGS, Judge, presiding.

Messrs. CREBS & BERRY, J. R. WILLIAMS and E. D. OWEN, for plaintiffs in error.

The two years' limitation does not apply to this proceeding. The claims sought to be enforced by this bill are based on judgments obtained by the complainants, after the bankruptcy proceedings were closed, for the remainder left unadministered in bankruptcy, and are therefore merged in such new judgments and thus throw off all the incidents arising out of limitation of the original claims, and all other incidents thereof, except, of course, those of fraud. A complete discharge in

bankruptcy even would be no bar by reason of such merger. McLaughlin v. MacLachlan, 12 Ill. App. 631; Boynton v. Ball, 105 Ill. 627; *In re* Williams, 2 Bk. Reg. 229; Holbrook v. Foss, 27 Me. 441; Faxon v. Baxton, 11 Cush. 35.

The assignee himself, however, would not have been barred in this case, even on the original claims, as the limitation can only apply to cases where there is an adverse claim to property against the assignee by some one other than the bankrupt, at the date of the adjudication, and not to such causes of action as arise after the adjudication. *In re* Conant, 5 Blatch. 54; Stevens v. Hauser, 39 N. Y. 302; Smith v. Scholtz, 68 N. Y. 41, 53; Jenkins v. C. & N. W. R. R. Co., 6 Ill. App. 192.

The statute by its terms, and on principle besides, only applies to cases where the suit is brought by the assignee, or by some person other than the bankrupt, against the assignee. That is, to suits in which the assignee is a party to the record. Mabry v. Herndon, 8 Ala. 848; Tichenor v. Allen, 13 Gratt. 15.

A suit founded on a bad bill is no bar to a proceeding on a good bill subsequently filed. The suit now pending never has been properly pending before, and because the cause may not have been determined on its merits. Smalley v. Edry, 19 Ill. 207; Emory v. Keighan, 88 Ill. 516.

Messrs. ORGAN & ORGAN and J. I. McCLINTOCK, for defendants in error.

GREEN; J. In the court below plaintiffs in error exhibited their bill against Stephen Fitzgerald and the children and grandchildren of his deceased wife, Fanny. The purpose of the bill was to have conveyances of a tract of land in White County, made by one Solomon Charles to John W. Stum and by the latter to said Fanny, in her lifetime, decreed to be fraudulent as to complainants and other creditors of Stephen Fitzgerald, and made to enable Stum to hold the title in secret trust for Stephen, and convey the same to Fanny, to be by her held in secret trust for him, up to and at the time of her death; and the further prayer of the bill is that certain judgments in favor of complainants against Stephen be decreed

liens, and said land sold to satisfy the same. A hearing was had upon bill, answer, pleas and replications and evidence heard by the court, and the court found the allegations of the bill not sustained; that the equities are with defendants, and dismissed the bill. The record is brought here to reverse said decree of the Circuit Court. The record discloses the following facts: In June, 1873, Stephen Fitzgerald, on the petition of his creditors, was adjudged bankrupt by the U. S. District Court, District of Indiana. On the 2d day of September, 1873, Edward Homer was appointed assignee; the claims of Driggers, whose administrators are complainants below, and the claims of all the other complainants, against the bankrupt, were duly filed, proved and allowed against said bankrupt estate. On March 13, 1874, said land described in the bill was conveyed by Solomon Charles to John W. Stum, brother-in-law of Stephen Fitzgerald. On June 8, 1875, Homer, the assignee, filed his bill as assignee, in the Circuit Court of White County, Illinois, against John W. Stum, Stephen Fitzgerald and said Fanny Fitzgerald, alleging in substance that Stum and Fanny, wife of Stephen, conspired with Stephen to cheat, hinder and delay his creditors, and Stum received from Stephen a large sum of money with which to buy lands in White County, Illinois, to be held by Stum in secret trust for Stephen or his wife; that Stum did apply a large amount of said money so received in purchasing from Solomon Charles land in White County, Illinois, viz., (land described in the bill of plaintiff in error,) and took the deed in his own name, with the fraudulent purpose of holding said land in secret trust for Stephen or his wife, or for both; that since said purchase Stephen and his wife have used and occupied said land as their own, without payment of rent for the same to Stum; alleges the adjudication in bankruptcy, the appointment of Homer as assignee, the deeding to him, as assignee, of all the real and personal estate of the bankrupt; calls for the answer of the defendants, upon oath, to the allegation in the bill, and to seven specific interrogatories touching the charges therein; prays said land be decreed to be the property of orator as such assignee, and for general relief. Defendant Stum, Stephen Fitzgerald and

his wife, filed each a separate answer, under oath, in November, 1875, to the bill and specific interrogatories, and denied the material allegations of the bill. At the April term, 1876, of the White County Circuit Court (on May 9, 1876,) the cause was heard on bill and answers, and by the decree of the court upon such hearing the bill was dismissed at the cost of complainant· After this, on June 18, 1877, Stum, by his deed, recorded the same day, conveyed said land to Fanny, the wife of Stephen, and she died in April, 1883. In May, 1885, the complainants below obtained their respective judgments in the White County Circuit Court against Stephen Fitzgerald, for the amount remaining unpaid of their claims, respectively, proved and allowed against his estate in bankruptcy, after deducting the dividends on said claims received from his said assignee. Executions were issued on each of said judgments, and returned " *nulla bona* " in July and August, 1885, and on July 23, 1885, plaintiffs in error filed their said bill.

In the decision of this case it will be unnecessary to examine and discuss the conflicting evidence touching the "*bona fides*" of the conveyance of said land to Stum, and the conveyance by him to Fanny Fitzgerald, or to determine whether said conveyances were fraudulent and for a fraudulent purpose as alleged, but it will be sufficient for the purpose of deciding this case here that we should hold the law to be, upon the admitted facts, that the decree of the Circuit Court of May 9, 1876, dismissing the bill of Homer, assignee of Fitzgerald, was an adjudication that barred plaintiffs in error of the remedy sought by their bill, or that we should hold it to be the law that the plaintiffs in error, *whose claims have been proved and allowed* against the bankrupt estate, and who received and accepted the dividends ordered to be paid them out of the proceeds of said estate, can not maintain a bill of this character against Fitzgerald, who has been adjudged a bankrupt under the provisions of the U. S. Bankrupt Act of 1867; and that the assignee alone could maintain a suit after the adjudication, for the purpose of setting aside fraudulent conveyances made by the bankrupt, or to remove secret trusts, or to subject property really belonging to the bankrupt, but held in the name of another, to the payment of claims proved

and allowed; and that the assignee himself could not maintain such a bill after the lapse of two years from the date of his appointment and qualifying as such. And first as to the effect of the former decree in the chancery proceeding by the assignee against John W. Stum, Stephen Fitzgerald and Fanny, his wife, to bar plaintiffs in error in this cause. The principle of "*res adjudicata*," is, that a decision of a court of competent jurisdiction is, and ought to be, a final and conclusive settlement of the questions involved in any particular controversy, as to the parties concerned therein, and as to any title claimed through or under those parties, so that if a fact has been once directly tried and determined by such court, the same parties can not properly be again allowed to contest the same matters either in that court or any other. The doctrine is applied to restrain parties and privies from litigating anew such matters as have been previously drawn into controversy between them, or those representing them, and have been authoritatively decided by a court of competent jurisdiction. Wells, *Res Adjudicata*, P. 4, Sec. 6. Applying this doctrine to the facts in this case, and this suit comes within the inhibition and is barred by the former adjudication. In the former case the plaintiffs in error were creditors, whose said claims had been proved and allowed against the bankrupt estate, and who were properly represented by the assignee; the same subject-matter, viz., this tract of land, was involved in that case as in this. The same controversy there arose as here, whether Stum held said land in secret trust for the bankrupt fraudulently, and with intent to defraud, hinder and delay plaintiffs in error, together with the other creditors of Fitzgerald. And the purpose of that bill was to remove the alleged fraudulent conveyance and subject said land, as the property of the bankrupt, to the payment of said claims, and other claims proved and allowed. The same purpose is designed to be effected so far as plaintiffs in error are concerned by their bill in this case. The court which heard and decided the former case was a court of competent jurisdiction. It had jurisdiction of all the parties, and of the subject-matter, and authoritatively decided the questions involved in that proceeding.

Jolly and Calvin v. Fitzgerald.

Nor can plaintiffs in error maintain a bill of this character, but the assignee alone could maintain a suit like this, to obtain the relief prayed for, and he must proceed within two years after he is appointed and qualified as such.

It is only through the assignee that creditors can recover, and subject to their claims property fraudulently transferred by the bankrupt prior to the adjudication in bankruptcy, or which he fails to surrender to his assignee; because all such property, by the express words of the Bankrupt Act, vests in the assignee; because they can not maintain a suit against the bankrupt, and because their remedies are absorbed in the great and comprehensive remedy under the commission, by virtue of which the assignee is to collect and distribute among them the property of their debtor to which they are justly and legally entitled. If one creditor may sue in such a case all may sue, with the result that proceedings in bankruptcy would be transferred to every State court within whose jurisdiction a defendant may reside. The creditor is amply protected by the provisions of the act; the assignee can be compelled to act by the order of the court, and failing to act may be punished for contempt, or be removed and another appointed. Glenny v. Langdon, 98 U. S. 20.

So much of the Bankrupt Act as is necessary to be reproduced upon the question of limitation, provides, " but no suit in law or equity shall in any case be maintained by or against such assignee, *or by* or against any person claiming an adverse interest, touching the rights of property aforesaid, *in any court whatsoever*, unless the same shall be brought within two years from the time the cause of action shall have accrued for or against such assignee."

In Jenkins v. Int. Bank of Chicago, 106 U. S. 571, the limitation is held to apply to all suits brought in either Federal or State courts, and it is there said, "and using the word '*or*' distributively, it applied to all suits, touching an interest in property transferable to the assignee, no difference who was the suitor."

In Moyer v. Dewey, 103 U. S. 301, which was error to the Court of Appeals of New York, and a case in which a bill was filed to subject certain real estate, alleged to have been fraud-

ulently conveyed by the bankrupt, to the payment of plaintiffs' judgments, the court affirmed the decree below, granting the relief, upon the ground that defendant did not raise the question of the existence of an assignee, or the rights of an assignee to the property, but say, had it been made to appear by the record, properly before the Court of Appeals, that an assignee had been appointed, and accepted and qualified, we do not see how plaintiffs could have recovered for the value of the property, and further say, the right to the property so fraudulently conveyed, is vested in the assignee alone, and his failure to sue within the two years allowed by the Bankrupt Act does not transfer this right of property, or right of action, to a creditor of the bankrupt. In Trimble v. Woodhead, 102 U. S. 647, it was held, the failure of assignee to sue within two years did not transfer the right of action to complainants, and the undisturbed possession of the real estate by the wrong-doer, for the time necessary to bar the action, vests of itself a good title in the party holding such possession. A like construction and effect is given the Bankrupt Act in respect to the vesting of title in the assignee, his right alone to maintain suit, and the limitation clause, in many other cases; among others, Gifford v. Helms, 98 U. S. 248; Corneys v. McCord, 11 Ala. 932; Archer v. Duvall, 1 Fla. 219; Pike v. Lowell, 32 Maine, 245; Frieslander v. Hollman, 9 B. R. 331; Allen v. Montgomery, 10 B. R. 503; Andrews v. Dole, 11 B. R. 352.

It appears in this record also that Stum, his grantee, Fanny, in her lifetime, and her heirs since her death, claimed an interest in said land, adverse to the assignee and the creditors of Stephen Fitzgerald; that such interest was evidenced by recorded deeds, and asserted also by open, adverse, continued and undisturbed possession since some time in 1874, and the decisions of the Supreme Court of the United States in the cases cited are in point in this case. Those decisions are clear, explicit and binding on us, and applied to the facts in this record, preclude plaintiffs in error from maintaining their bill. The decree of the Circuit Court is affirmed.

*Affirmed.*