NORTON (BORK v.). See Case No. 1,659.
NORTON (CHAPIN v.). See Case No. 2,599.

---

## Case No. 10,350.

### NORTON v. DE LA VILLEBEUVE.

[1 Woods, 163:[1] 13 N. B. R. 304; 2 N. Y. Wkly. Dig. 4.]

Circuit Court, D. Louisiana.   Nov. Term, 1871.

BANKRUPTCY—LIMITATIONS—FAILURE OF ASSIGNEE TO DISCOVER HIS RIGHTS FOR TWO YEARS —ACT OF 1867.

1. The fact that an assignee in bankruptcy did not discover his right to certain property of the bankrupt, until after the expiration of two years from the time an action accrued to him therefor, does not remove the bar prescribed by the second section of the bankrupt act [of 1867 (14 Stat. 518)].

[Cited in Miltenberger v. Phillips, Case No. 9,621; Walker v. Towner, Id. 17,089; M'Can v. Conery, 12 Fed. 318; Phelan v. O'Brien, 13 Fed. 657.]

2. The bar prescribed by that section applies to causes of action which had accrued to the bankrupt before his bankruptcy as well as to those which accrued to the assignee after the bankruptcy.

[Cited in Phelan v. O'Brien, 13 Fed. 657.]

Action at law for the recovery of certain real estate in the city of New Orleans.

E. C. Billings, Wm. Grant, and Allan C. Story, for plaintiff.

C. Roselius and Alfred Phillips, for defendant.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission. 2 N. Y. Wkly. Dig. 4, contains only a partial report.]

WOODS, Circuit Judge. This is a petitory action brought to establish title to and recover possession of certain lots of ground in the city of New Orleans of which defendant is in possession claiming title. The parties have filed their written stipulation waiving a jury, and submit the cause to the court on the issues of fact and law. The defendant pleads, among other defenses, the statute of limitations of two years, found in the second section of the bankrupt act. The clause of the section on which defendant relies is in these words: "But no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property or rights of property aforesaid in any court whatsoever, unless the same shall have been brought within two years from the time the cause of action accrued for or against such assignee; provided, that nothing herein contained shall restore a right of action barred at the time such assignee is appointed." The plaintiff and defendant both claim title from the same source, to wit: from Person, the bankrupt; the plaintiff by virtue of his office as assignee and the transfer to him of all the property of the bankrupt, and the defendant by virtue of a sale made by order of this court before the bankruptcy of Person, on a mortgage executed by him upon the property in dispute.

The bar of the statute of limitations relied on by defendant, seems to be perfect and effectual, unless there is some circumstance pleaded and proven to take the case out of the operation of the statute, for on the 9th of March, 1868, Person, under whom both parties claim, was adjudicated a bankrupt, and the plaintiff was appointed his assignee on the 22d day of April, 1868, and this action was not brought until the 21st day of August, 1871, a period of three years and four months, lacking one day, after the appointment of the assignee. The plaintiff claims, however, to be relieved from the bar of the statute by the averment which he has sustained by proof that he did not discover said property and his right thereto until about the first day of July, 1871, one month and twenty-one days only before the commencement of this action.

The question is therefore presented, does the fact that the plaintiff was ignorant of his rights relieve him from the bar of the statute? No case has been cited sustaining the plaintiff's view, nor do I think any can be found. If it had been the purpose of the law making power, that the limitation should begin to run from the time the plaintiff discovered his right of action, and not from the time his right of action accrued, it would have said so in unmistakable terms. To introduce such an exception into the statute, would be an act of legislation on the part of the courts, and would, it seems to me, be directly contrary to the policy of the bankrupt act, which looks to the speedy settlement of the bankrupt's affairs. It might be equitable

in some cases that this view of the plaintiff should prevail, but it is not competent for the courts to engraft other exceptions on the statute, even on the ground that they are within the equity of these expressed. Bank of Alabama v. Dalton, 9 How. [50 U. S.] 522. On this point the case of McIver v. Ragan, 2 Wheat. [15 U. S.] 25, is pertinent. The plaintiffs brought ejectment for 5,000 acres of land in possession of defendant, and gave in evidence a grant from the state of North Carolina, comprehending the lands for which the suit was instituted. The defendant claimed under a junior patent and a possession of seven years held by Ragan, which, under the statutes of North Carolina and Tennessee constituted a bar to the action.

To repel this defense, the plaintiffs proved that no corner or course of the grant, under which they claimed, was marked except the beginning corner; that the beginning and nearly the whole land and all the corners except one were within the Indian Territory. These lands were not ceded to the United States until 1806, within seven years from which time the suit was brought. The land in possession of Ragan, however, did not lie within the Indian Territory. Upon these facts the plaintiffs requested the circuit court to charge the jury that the act of limitations would not run against the plaintiffs for any part of the tract, although outside the Indian boundary until the Indian title was extinguished to that part of the tract which included the beginning corner, and the lines running from it, so as to enable them to survey their land and prove the defendants to be within their grant. This instruction the court refused, and the cause was taken to the supreme court on writ of error, when Marshall, C. J., delivered the opinion of the court. He said: "The case is admitted to be within the act of limitations of the state of Tennessee, and not within the letter of the exceptions. But it is contended that as the plaintiffs were disabled by statute from surveying their land and consequently from prosecuting their suit with effect, they must be excused from bringing it, and are within the equity though not within the letter of the exceptions. The statute of limitations is intended, not for the punishment of those who neglect to assert their rights by suit, but for the protection of those who have remained in possession under color of title believed to be good. The possession of defendants being of lands not within the Indian Territory and being in itself legal, no reason exists as connected with that possession why it should not avail them and perfect their title as intended by the act. The claim of the plaintiffs to be exempted from the operation of the act is founded, not on the character of the defendants' possession, but on the impediments to the assertion of their own title. Whenever the situation of a party was such, as in the opinion of the legislature, to furnish a motive for excepting

him from the operation of the law, the legislature has made the exception. It would be going far for the court to add to those exceptions." The judgment of the court below was affirmed. A discharge under an insolvent law does not take from the debtor the protection which is afforded by the statute, even by virtue of the equity of the exception of being "beyond seas," or "out of the state," although the reason why such absence of a defendant excuses the plaintiff from prosecuting is, that he cannot be reached by process of the courts. Ang. Lim. 487.

It was contended in the supreme court of New York that the cause came within the equity of the statute; that the defendant had been discharged under an insolvent act, and that the discharge would prevent the statute from running against an action of assumpsit upon a contract made before the passage of the insolvent act, and the money not falling due until after the debtor's discharge. But the court held otherwise, and said: "Though the defendant's virtual protection from prosecution by the discharge produces the same result as his absence from the state, yet we are not warranted by any rule of construction in deciding that any cause which produces the same effect as the one mentioned in the act comes within it. It is not for the court to extend the law to all cases coming within the reason of it so long as they are not within the letter. It has been holden that no exception can be claimed unless expressly mentioned." Bucklin v. Ford, 5 Barb. 393.

So A. B. made his promissory note on the 17th of April, 1812, in favor of C. D., who indorsed it to E. F. An act of assembly was passed in Pennsylvania on March 13, 1812, which was in fact a bankrupt law. On the 31st of March, 1817, the supreme court of Pennsylvania held that said act was constitutional, and a discharge under it a bar to a recovery. The case on which the decision was made was removed to the supreme court of the United States, and there reversed on February 13, 1821. More than six years after the cause of action arose on the note, E. F., the indorser, brought a suit on it against A. B., the maker, and on a case stated, the following question was submitted for the opinion of the court: "Did the act of limitation run against the plaintiff while the act of March 13, 1812, was held by the supreme court of Pennsylvania to be constitutional?" It was held by the court that these circumstances did not stop the running of the statute. Hudson v. Carey, 11 Serg. & R. 10; Ang. Lim. 487. It would be unreasonable to require a case more directly in point to the question under discussion. The principle decided in the cases cited disposes of the claim of plaintiff. He has been under no disability to sue; the courts have at all times been open to him, and the defendant at all times liable to be sued by him. The limitation provided by the statute had run against the

plaintiff before he brought his action. He falls within the terms of the act, and the law makes no exceptions. The court cannot legislate for his benefit and make an exception in his favor, when the law has made none. I am of opinion therefore that the plea of the limitation in the second section of the bankrupt act is a good and sufficient answer to the plaintiff's cause of action. Upon that issue the finding and judgment of the court is for defendant.

Upon the rendition of the foregoing decision the plaintiff entered a motion for a new trial, on the ground that the court erred in the effect given to the limitation of actions in the last clause of the second section of the bankrupt act. The theory now urged is that the limitation only applies to new causes of action, arising in favor of the assignee after the bankruptcy, and not to those which had existed before the bankruptcy and had come to the assignee by the assignment; as, for instance, damages for trespass to the property in the hands of the assignee, or a conversion of the property assigned, to him, and such like cases. To support this view attention is called to certain provisions found in the 14th and 16th sections of the bankrupt act. The 14th section declares that the assignee "may sue for and recover the said estate, debts and effects, and may prosecute and defend all suits at law or in equity pending at the time of the adjudication in bankruptcy in which such bankrupt is a party in his own name, in the same manner and with like effect as they might have been prosecuted by such bankrupt." The 16th section provides that "the assignee shall have the like remedy to recover all said estate debts and effects in his own name, as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made."

The argument is, that by applying to the assignee the brief limitation of two years, we do not give him the same remedy which the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made, and that we do not allow him to sue for and recover the estate, debts and effects of the bankrupt in the same manner and with like effect as they might have been if sued for by the bankrupt. I think this construction claimed for the limitation of the second section of the bankrupt act is too narrow. The general policy of the bankrupt act is to hasten the final settlement of the bankrupt's affair. The proceedings in bankruptcy are speedy, and in many cases summary. In the bankrupt act of 1841 it was provided (5 Stat. 447, § 10) that "all the proceedings in bankruptcy in each case shall if practicable be finally adjusted, settled and brought to a close by the court within two years after the decree declaring the bankruptcy." While this provision is not re-enacted by the bankrupt act of 1867, it is clear that the policy of the law is the same

as if it were. By the twenty-eighth section of the act, provision is made for a final dividend at the end of six months from the adjudication unless an action at law or suit in equity be then pending, or unless some other estate and effects of the debtor afterward come to the hands of the assignee, in which case the assignee shall as soon as may be convert such estate or effects into money, and within two months thereafter the same shall be divided in like manner. We think the limitation in the second section was enacted to carry out this policy of a speedy settlement of the bankruptcy.

In order to arrive at the true interpretation of the law upon the question in hand, the provisions of the second, fourteenth and sixteenth sections of the act must be construed together, as if they were all contained in the one section and stood side by side. So considering them, their meaning appears plain, and the effect of the three sections is this: The assignee may sue for and recover the estate, debts and effects of the bankrupt in his own name, and have like remedy to recover all said estate, debts and effects as the bankrupt might have if the decree in bankruptcy had not been rendered and no assignment had been made, provided his suit for that purpose is brought within two years from the time the cause of action accrued to him. This construction gives reasonable effect to all three sections and upholds the policy of the act looking to the rapid settlement of the bankruptcy. · The clause in the bankrupt act of 1841 (5 Stat. 446, § 8), corresponding to the provision in the second section of the law of 1867, under consideration, is in these words: "And no suit at law or in equity shall in any case be maintainable by or against such assignee or by or against any person claiming an adverse interest touching the property or rights of property aforesaid, unless the same shall be brought within two years after the declaration and decree in bankruptcy, or after the cause of suit shall have first accrued." This phraseology excludes completely from the act of 1841 the construction which plaintiff attempts to put upon the act of 1867, for by the act of 1841, it is clear that if the cause of action accrued before the bankruptcy, the action must be brought within two years from the decree, and if after the bankruptcy, within two years from the time the action accrued. We think it clear that the effect of the provision under consideration is the same, and that the change in the words used in the act of 1867 was not intended to accomplish an entire and radical change in the effect of the limitation.

The consequences which must follow the construction claimed by the plaintiff are so absurd as to demonstrate its incorrectness. Thus: no cause of action accrues upon a promissory note until its maturity; from that date only the statute of limitations begins to run. Now, according to the theory of plaintiff, if a promissory note, the property of the

debtor, falls due the day after the bankruptcy, the assignee must bring his action within two years, but if it falls due the day before the bankruptcy, he is allowed the full term of the general limitation laws, six, ten or fifteen years, as the case may be, in which to bring his action. Such, we are convinced, is not the true interpretation of the law. In our view, on all matured claims and demands, the cause of action accrues to the assignee at the date of the assignment; all others from their maturity or at the time when an action will lie, and he must sue within two years from these dates respectively. We are therefore unable to see any error in our finding and judgment, and the motion for a new trial must be overruled.