## Case No. 10,858.
### PAYSON v. COFFIN.
[4 Dill. 386;¹ 5 Cent. Law J. 220.]

Circuit Court, D. Kansas. 1877.

BANKRUPT ACT—STATUTE OF LIMITATIONS—JURIS-
DICTION OF CIRCUIT COURT—AMOUNT.

1. The two-years limitation provision in the bankrupt act [14 Stat. 517], applies to suits by assignees to collect the debts and assets of the estate, as well as to suits relating to specific property.

[Cited in Walker v. Towner, Case No. 17,089; McCan v. Conery, 12 Fed. 318.]

2. Suits may be brought in the circuit courts of the United States, by assignees in bankruptcy, without reference to the amount or value in controversy.

Action by [James R.] Payson, assignee in bankruptcy of the Republic Insurance Company, of Chicago, to recover a second assessment or call from the defendant [W. G. Coffin] as a stockholder in the bankrupt company. Plea: that no cause of action hath accrued against the defendant within two years next before the commencement of this suit. Demurrer to plea.

[The first assessment in this case was levied by the court in Case No. 11,704. An action was brought on this first assessment against the defendant in Case No. 10,859.]

Mr. Howell, for plaintiff.
Mr. Wheat, for defendant.

MILLER, Circuit Justice, orally delivering his judgment, held:

1. That the plea of the statute of limitations was sufficient in point of form.

2. That the plea was good in substance; in other words, the two years limitation in the bankrupt act applies to suits by assignees to collect the debts and assets of the estate, as well as to suits relating to specific property.

3. Whether the cause of action accrued until the second assessment (the one in suit) was made by the bankruptcy court, is a question which does not legitimately arise on the demurrer to the plea of the statute of limitations. Demurrer to the plea of the statute of limitations overruled.

It was also held by Mr. Justice MILLER (the circuit judge concurring), on a demurrer to the petition in another case, that assignees in bankruptcy, under the bankrupt act as amended June 22d, 1874 [18 Stat. 178], if not before, may sue in the circuit courts of the United States to collect assets and debts due the estate, without reference to the amount claimed; that the limitation of $500 in the act of March 3d, 1875 [18 Stat. 470], as to the general jurisdiction of the circuit courts, does not apply to such suits.

NOTE. See Walker v. Towner [Case No. 17,089]. Limitation applies to causes of action which existed before the bankruptcy, as well

as to those which arise after. Norton v. De La Villebeuve [Id. 10,350]. Conflicting decisions cited, Frank, Bankr. Act (3d Ed.), p. 41, note 86.