## COMEGYS v. McCORD.

1. An assignee in bankruptcy cannot sue in the State, or federal courts, after the lapse of two years from the time of the declaration and decree in bankruptcy, if the cause of action had then accrued, to recover the property of the bankrupt.

Error to the Circuit Court of Lowndes.

DETINUE for two receipts, given by one Thomas Barlow, to one John T. Beckley, for certain promissory notes by the plaintiff in error, assignee in bankruptcy, against the defendant in error.

Upon the trial, the plaintiff offered, and read in evidence a

transcript from the district court of the United States, held at Tuskaloosa, by which it appeared that J. T. Beckley filed his petition for the benefit of the bankrupt act, on the 4th May, 1842, and in his schedule, as rendered in by him, rendered the two receipts given by Barlow to him, for notes, accounts, &c. for which this suit is brought, and that on the 7th December, 1842, by the decree of the said court, he was declared a bankrupt, and that on the 25th May, 1843, said decree was confirmed and a certificate ordered to issue. It was also proved, that the receipts sued for were in the possession of the defendant, and their value.

The court charged the jury, that unless the plaintiff had commenced his action within two years from the 7th December, 1842, he could not recover in this action.

The plaintiff asked the court to charge, that the *lex fori* governed in this case, as to the statute of limitations, and that it required six years to bar the plaintiff's action, from the time his cause of action accrued.

Also that the statute did not commence running until the 25th May, 1843, the date of the final decree ; which charges the court refused, to which, as well as to the charges given, the counsel for the plaintiff in error excepted, and now assigns as error.

BOLLING, for plaintiff in error.

1. State courts have jurisdiction of actions by the assignees of bankrupts, under the United States bankrupt law. [Joshua A. Wood, assignee, v. Solon Jenkins, and others, No. 12, vol. 8, Law Reporter, April No., 1844; Brown v. Cumming, 2 Caine's Rep. 33; Sullivan v. Bridge, 1 Mass. 511.]

2. The *lex fori*, as to the statute of limitations, must govern. [Goodman v. Munks, 8 Porter, 84.]

3. By the passage of the bankrupt law, Congress did not limit or confer the jurisdiction of the State court. [Peck, et al. v. Jenness, et al. Law Reporter, No. 7, vol. 8, Dec. 1845, p. 360.]

G. B. STONE, contra.

ORMOND, J.—The eighth section of the bankrupt act provides that "no suit at law, or in equity, shall in any case be maintainable, by or against such assignee, or by or against any person claiming an adverse interest, touching the property, or rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued."

Assuming that the suits contemplated by this section, may be maintained by the assignee in bankruptcy, either in the State or federal courts, we think it very clear, that the limitation must apply, no matter in which court it is brought. The limitation is general, prohibiting suits by or against the assignee in any court after the lapse of two years, and it would defeat the object in view, to permit this to be evaded by suing in the State courts.

It is equally clear, that the statute commences running from the date of the declaration and decree in bankruptcy, if the cause of action had then accrued, and not from the date of the final decree, discharging the bankrupt from his debts, and granting the certificate. This is manifest not only from the language employed, but also because it is the declaration and decree of bankruptcy, spoken of in the first section of the act, which vests the property of the bankrupt in the assignee, who may immediately commence suit, without waiting for the final action of the court confirming the previous decree, which is final against the bankrupt. It is perfectly clear therefore, that the statute begins to run from that time. The charge of the court below being in accordance herewith, its judgment must be affirmed.