## HARRIS, Assignee, &c. v. COLLINS and CARTRIGHT.

1. A suit by the assignee of a bankrupt, must be brought within two years after the decree in bankruptcy, or after the cause of action accrues; and if this fact appears on the declaration, it will be reached by a demurrer.

Error from the Circuit Court of Mobile. Before the Hon. J. Bragg.

ACTION of debt by plaintiff, as assignee in bankruptcy, upon a lease reserving a certain money rent due by instalments in 1839 and 1840, made by defendants to one John Tarleton, who was duly declared a bankrupt in June, 1842, and who then turned over said lease to his assignee, the

plaintiff in error.    The suit was commenced 17th November, 1845.

The defendants demurred to the declaration, which demurrer was sustained by the court; and plaintiff now assigns the judgment on the demurrer, for error in this court.

C. W. Rapier, for plaintiff in error, cited 20 Pick. 2.

O. S. Jewitt, for defendant.

1. The declaration should show a cause of action in the plaintiff.  When he sues in the character of assignee of a bankrupt, and claims to be such under the decree of a court of limited jurisdiction, his declaration should show those facts especially which give jurisdiction to the court, to show that its proceedings are *coram judice.*  The declaration is defective in not alledging that the bankrupt was a resident of the southern district of Alabama.    Stiles v. Lay, 9 Ala. R. 795; Elliott, et al. v. Piersal, et al. 1 Pet. 340; Thatcher v. Powell, 6 Wheaton, 119.

2. There should have been an allegation of indebtedness by the defendants, either to the bankrupt before the assignment, or to the assignee since.

3. The suit was barred by a limitation in the bankrupt act, it being brought after a lapse of two years from the declaration and decree in bankruptcy.    Bank. Law, § 8; Comegys v. McCord, 11 Ala. R. 932; Archer, ass'ee, v. Duval's adm'rs, Florida Rep. (Jan. term, '47) p. 219.

CHILTON, J.—The suit by the plaintiff, as assignee in bankruptcy, was commenced too late.    By the 8th section of the bankrupt act, it is provided "that no suit, at law or in equity, shall in any case be maintainable, by or against such assignee, or by or against any person claiming an adverse interest, touching the property or rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree in bankruptcy, or after the cause of suit shall first have accrued."    The

plaintiff in error has not brought himself within the provisions of this act. He derives his right to sue, alone from the act which vests in him the legal title for the benefit of the bankrupt's creditors, from the time of the declaration of bankruptcy by the decree of the district court. This right, he cannot exercise after the expiration of two years. Such was the decision of this court in Comegys v. McCord, 11 Ala. Rep. 932. The court did not err in sustaining the demurrer. The plaintiff shows he has forfeited his right, by failing to sue within two years.

Let the judgment be affirmed.