## PIKE *versus* LOWELL.

The limitation in § 8, of the bankrupt law, applies to actions in the name of an assignee in bankruptcy, though brought wholly for the benefit of a third party.

ASSUMPSIT, brought April 28, 1849. Certain persons were decreed to be bankrupts in 1842. The plaintiff was assignee of their estate. In said capacity he sold to one Bolkcom a demand against Stephenson, since deceased. The demand had been in the hands of Mr. Lowell, and prior to said sale, Mr. Lowell had collected the money ; but he declined to pay it over, except to Stephenson's administrator, saying the demand never belonged to the bankrupt's estate.

Bolkcom brings this action, in the name of the assignee, to recover said money. The defendant pleaded the limitation, contained in the 8th section of the Bankrupt Act.

*Walker*, for plaintiff.

In an action, brought by an assignee *to close up an estate*, two years would constitute a bar. Not so, when the suit is brought for the use of a *third person*. The two years are a bar, only when the assignee's interest is adverse to that of the defendant. The object of the limitation was to compel an early settlement of the estate. Here the estate is all settled. The limitation being in derogation of the common law should be construed strictly. Bacon's Abridg. title, Statute, letter I., 4 & 5 ; *Hancock* v. *Minot*, 8 Pick. 37.

The analogies to cases of executors sustain our position. 2 Maine, 75 ; 14 Maine, 320 ; 8 Pick. 36.

*Lowell, pro se.*

TENNEY, J., orally. — The distinction drawn by the plaintiff's counsel cannot be sustained. There is nothing in the statute, from which it can be inferred. Limitation laws are arbitrary, but they are binding.

*Judgment for defendant.*