PRINDEVILLE v. The MONITOR. See Cases Nos. 9.708–9,710.

PRIOR (TYSON v.). See Case No. 14,319.

PRIOR (UNITED STATES v.). See Case No. 16,092.

PRISCILLA, The (HINDRY v.). See Case No. 6,515.

———

## Case No. 11,436.

### PRITCHARD v. CHANDLER.

[2 Curt. 488.] 1

Circuit Court, D. Massachusetts. Oct. 1855.

BANKRUPTCY—SUIT BY ASSIGNEE ON NOTE—LIMITATIONS—CONCEALMENT OF CAUSE OF ACTION.

1. An assignee in bankruptcy may sue in this court on a note of which the bankrupt is

---

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

payee; and if the note was witnessed, such action is not barred by the law of Massachusetts until the expiration of twenty years from the time the note became payable.

[Cited in Smith v. Crawford, Case No. 13,030.]

2. If the bankrupt and the promisor of a note fraudulently conceal the cause of action from the assignee, from the moment when his title accrues, the two years limitation in the bankrupt act [of 1841 (5 Stat. 440)], does not begin to run. But a fraudulent concealment after the assignee's title accrued is not sufficient.

[Cited in Andrews v. Dole, Case No. 373; Baldwin v. Raplee, Id. 801; Walker v. Towner, Id. 17,089.]

In bankruptcy.

Mr. Sewall, for plaintiff.
Mr. Bartlett and James Dana, contra.

CURTIS, Circuit Justice. Upon the question whether this court has jurisdiction under the eighth section of the bankrupt act of 1841 (5 Stat. 440), I feel no difficulty. I concur in the opinion of Mr. Justice Story, in Mitchell v. Great Works Milling & Manufacturing Co. [Case No. 9,662], that a suit by an assignee to recover a debt due to the bankrupt, is a suit against a person claiming an adverse interest touching a right of property of the bankrupt, within the meaning of that section of the act, and that such a suit is therefore within the jurisdiction of this court. I consider also, that an assignee has precisely the same right to sue on a witnessed note that the bankrupt payee himself had; and that as the statute law of Massachusetts enables the payee to sue on such a note at any time within twenty years, the assignee has that right. The third section of the bankrupt act confers on the assignee, not only all property and rights of property of the bankrupt, including, of course, a promissory note payable to and held by the bankrupt, but also power to sue for the same as fully as if the same were vested in the bankrupt. This statute clothes the assignee with every right of action of the bankrupt founded on contract, and if the bankrupt would have had a right of action, if he had not become a bankrupt, the assignee has the same right of action. The replication to the pleas of the six years' statute of limitations is therefore good. Besides these pleas, the defendant has also pleaded, that this action was not brought within two years after the decree of bankruptcy, nor within two years after the cause of action first accrued to the plaintiff. To this the plaintiff has replied, in substance, that he first knew of the existence of the cause of action within two years before action brought; and that the defendant's intestate, "during his lifetime, fraudulently concealed the existence of any such causes of action from the said plaintiff; and that the said intestate was living long after the plaintiff was appointed assignee," &c. To this replication there is a demurrer.

It is not urged that mere ignorance of the

cause of action would prevent the bar. But that a fraudulent concealment of the cause of action by the debtor from the assignee will have this effect. Whether such a case could come into that class of cases in which it has been held that an action for a secret fraud did not accrue until its discovery, or whether the plaintiff might not be obliged to resort to a court of equity to enjoin the defendant from profiting by his own fraud, it is not necessary here to determine. It is certainly true, in this case, that if the statute once began to run, it must continue until the completion of the bar; and that to prevent the statute from beginning to run, the fraudulent concealment must exist at the moment when the plaintiff's title accrued. The replication alleges that the intestate, "during his lifetime, fraudulently concealed." It is not sufficient that he did this during his lifetime; it must have been on some particular day during his lifetime, namely, at the precise time when the plaintiff's title accrued, and thenceforward continually, until within two years before action brought. If, to a plea of the statute of limitations, by an administrator, the plaintiff should reply that the defendant's intestate during his lifetime was out of the commonwealth, I am induced to think it would be a bad plea. I should doubt if it showed, with sufficient certainty, that he was out of the commonwealth when the cause of action accrued. It would be like the case in Com. Dig. "Pleader," E, 5, where the defendant pleaded to an action of trespass, quare clausum, that the locus in quo was his freehold. The plea was held bad, because it did not allege it was his freehold at the time of the alleged trespass. We cannot construe the words of this plea, "during his lifetime," to mean, during the whole of his lifetime. Because, from the nature of the case there could be no fraudulent concealment from the plaintiff until his title accrued, which was during the intestate's lifetime. It must therefore mean that the concealment lasted but a part of the intestate's lifetime, and if so, the replication should have shown what part, that is, when it began. If it was intended to aver, it began with the plaintiff's title and continued during the residue of the lifetime of the intestate, the replication should so have averred; instead of saying, generally, the fraudulent concealment was during his lifetime, which, in this connection means only, during some part of his lifetime, not knowing what part.

For this reason I am of opinion that the demurrer is well taken. But I am so far inclined to the opinion that the replication, if made sufficiently precise, would avoid the bar, that if the plaintiff's counsel, on inquiry, should be satisfied he can make a case of fraudulent concealment by the intestate, beginning as early as the plaintiff's title, I shall allow an amendment, on terms. But it must be remembered that as the defendant's intestate was under no duty to make known the cause of action to the plaintiff, something more than silence on his part must be proved.