## Case No. 9,621.

### MILTENBERGER et al. v. PHILLIPS.

[2 Woods, 115.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

BANKRUPTCY — ASSIGNEES — SUIT TO RECOVER COUNSEL FEES PAID—LIMITATION.

A suit brought by the assignees in bankruptcy of a bank, to recover money paid as counsel fees by persons acting without authority, as commissioners for the liquidation of the bank under the state law, is barred unless brought within two years from the time the cause of action therefor accrued in favor of the assignees.

[Cited in Walker v. Towner, Case No. 17,089.]

[This was a suit by Miltenberger and Norton against Edward Phillips.]

Heard upon peremptory exception to the plaintiff's petition.

Thomas Hunton, for plaintiffs.
Edward Phillips, in pro. per.

WOODS, Circuit Judge. The petition was filed on the 2d of April, 1875, and alleges that on the 2d of June, 1871, the plaintiffs were appointed assignees in bankruptcy of the Bank of Louisiana, and were thereby entitled to possess and administer all the assets which were of the bank on the date of the filing of the petition in bankruptcy, which was on the 20th of May, 1869. The petition further alleges that on and before the 20th of April, 1870, the defendant received, as counsel fees, various sums of money, amounting in the aggregate to a large sum, which were assets of the bank, and were paid to him by certain persons pretending to act as commissioners of the bank, under authority of a court of the state of Louisiana, but in fact without any authority whatever. The purpose of the suit is to recover back the sums so paid to Phillips, as having been illegally paid. The defendant Phillips excepts peremptorily to the petition, among other grounds, because the action is barred by the two years limitation provided in section 5057, Revised Code, which declares that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to, or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." The money sued for was received by the defendant before the assignees were appointed, and more

than two years transpired between this appointment and the bringing of this action. Therefore, if the section just quoted applies to cases like this, the action is barred. In my judgment it does apply, not only in terms but in spirit. In a recent case decided by the supreme court of the United States, Bailey v. Glover, 21 Wall. [88 U. S.] 342, it was held that the section under consideration was "a statute of limitation. It is precisely like other statutes of limitation, and applies to all judicial contests between the assignees and other persons touching the property or rights of property transferable to or vested in the assignee where the interests are adverse, and have so existed for more than two years from the time when the cause of action accrued for or against the assignee." This authority, it seems to me, is decisive of this case. See, also, Norton v. De la Villebeauve [Case No. 10,350]. This action is barred, and cannot be maintained, and the exception setting up the bar is sustained. It is unnecessary to notice the other grounds of exception.

## Case No. 9,622.

### MILTON v. WILGUS.

[Cited in McCormick v. Humphrey, 27 Ind. 144. Nowhere reported; opinion not now accessible.]