WALKER (TEAL v.).    See Case No. 13,812.

## Case No. 17,089.

### WALKER v. TOWNER.

[4 Dill. 165; 1 16 N. B. R. 285; 5 Cent. Law J. 206.]

Circuit Court, W. D. Missouri.    1877.

BANKRUPT ACT—REV. ST. § 5057—LIMITATION OF ACTIONS.

1. A suit by an assignee in bankruptcy to collect debts or claims due to the estate, must be brought within two years from the time when the cause of action accrued to the assignee.

[Cited in Payson v. Coffin, Case No. 10,859; Doty v. Johnson, 6 Fed. 482; Rice v. U. S., 122 U. S. 616, 7 Sup. Ct. 1381.]

[Cited in Ross v. Wilcox, 134 Mass. 22; Rock v. Dennett, 155 Mass. 500, 30 N. E. 172.]

2. Where an assignee filed his petition or declaration in a suit to recover such a debt within two years from the time when his right of action accrued, but gave directions to the clerk not to issue the summons, and such summons was accordingly not issued or served until more than two years from the time the cause of action accrued, held, that the action was barred.

This is an action brought to recover $3,500, as the balance due by defendant upon a subscription by him to the capital stock of the North Missouri Insurance Company, of which the plaintiff is the assignee in bankruptcy. The petition in this case was filed March 20, 1876; but the summons was not issued (by direction of the plaintiff's attorney, as stated in the plea of the statute of limitations below mentioned) until November 1, 1876, and was not served until November 2, 1876. The petition alleges that the company was adjudicated

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

a bankrupt November 8, 1873; that the plaintiff was appointed assignee on March 21, 1874, and that on July 3, 1874, the district court, on a petition presented by the assignee, found "that it is necessary, for the purpose of paying the indebtedness of the said company, to collect the whole of its assets, including the unpaid stock," and thereupon "ordered that the said assignee proceed forthwith to collect from the stockholders of said company the full amount due and unpaid on the shares of stock by them respectively held in said company." The defendant answered. The second and third special defences set up the statute of limitations prescribed in the bankrupt act. It is alleged in said defences that the deed of assignment from the register in bankruptcy to the plaintiff, as assignee, was dated March 23, 1874; that the order of the bankruptcy court assessing all stockholders, etc., was made July 3, 1874; that plaintiff's petition in this action was filed herein March 20, 1876; the writ issued November 1, 1876, and service had on defendant November 2, 1876. It is also alleged that service of process was countermanded by plaintiff for an indefinite time, and that plaintiff, of his own accord, and without the fault of defendant, forbore to issue process or to prosecute said suit until said issue of process, November 1, 1876. To this plea of the statute of limitations the plaintiff demurred, and it was on this demurrer that the case was submitted to the court.

N. Myers, for plaintiff.
Albert Blair, for defendant.

DILLON, Circuit Judge. The plaintiff's petition to recover in this case was filed within two years from the date of the order of the district court to the assignee to collect the unpaid stock, but, by direction of the plaintiff's counsel to the clerk, the writ of summons was not issued until more than two years from the date of that order had elapsed. The effect of this is conceded to be the same as if the petition had not been filed until November 1, 1876, which is more than two years from the time when the assessment or order to collect by the bankruptcy court was made. If, under the second section of the bankrupt act as found in the Revised Statutes (section 5057), any suit for the collection of assets by an assignee in bankruptcy is barred by the two-years limitation therein prescribed, then the present action is barred, if the facts set forth in the plea are true. This is an important question, and it has been thoroughly argued by counsel. Since this case was submitted, the same question came before Mr. Justice Miller, in the Kansas circuit, at the June term, 1877, in the case of Payson v. Coffin [Case No. 10,859]. The learned justice, after argument and consideration, there held that the two-years limitation in the bankrupt act applies to suits by assignees to collect the debts and assets of the estate, as well as to suits relating to specific property. The opin-

ion was orally pronounced, but this conclusion was regarded as the almost necessary result of the language of section 2 of the bankrupt act of 1867 [14 Stat. 518], particularly the words "but no suit at law or in equity shall in any case be maintainable by or against such assignee, * * * unless the same be brought within two years from the time the cause of action accrued for or against such assignee," which was not intended to be changed, in substance, by the Revised Statutes (sections 4979, 5057); and this conclusion was considered to be strongly supported by the views of the supreme court in Lathrop v. Drake, 91 U. S. 516; Claflin v. Houseman, 93 U. S. 130; and Bailey v. Glover, 21 Wall. [88 U. S.] 342; and by the obvious policy of the bankrupt act in requiring speedy settlement of estates in bankruptcy. In Bailey v. Glover, supra, Mr. Justice Miller, arguendo, observed: "To prevent this (protracted litigation and delays in closing the estate) as much as possible, congress has said to the assignee, 'You shall commence no suit two years after the cause of action has accrued to you, nor shall you be harassed by suits when the cause of action has accrued more than two years against you. Within that time the estate ought to be settled up, and your functions discharged, and we close the door to all litigation not commenced before it has elapsed.' "

The decision in Payson v. Coffin, supra, has authoritative force in this circuit, and it is needless to enforce the arguments by which it may be sustained as a sound exposition of the limitation provisions of the bankrupt act. It is true that views have been expressed by judges which might lead to a different conclusion, as in Sedgwick v. Casey [Case No. 12,-610]; Smith v. Crawford [Id. 13,030]; Re Krogman [Id. 7,936]; Bachman v. Packard [Id. 709]; Stevens v. Hauser, 39 N. Y. 302; Union Canal Co. v. Woodside, 11 Pa. St. 176; Re Conant [Case No. 3,086]. But the weight of judicial opinion is with the judgment of Mr. Justice Miller, in Payson v. Coffin. Mitchell v. Great Works Milling Co. [Id. 9,662]; Pritchard v. Chandler [Id. 11,436]; McLean v. Lafayette Bank [Id. 8,885]; Norton v. De la Villebeuve [Id. 10,350]; Miltenberger v. Phillips [Id. 9,621]; Comegys v. McCord, 11 Ala. 932; Harris v. Collins, 13 Ala. 388; Paulding v. Lee, 20 Ala. 753; Pike v. Lowell, 32 Me. 245; Archer v. Duval, 1 Fla. 219; Lathrop v. Drake, 91 U. S. 566; Claflin v. Houseman, 93 U. S. 130; Bailey v. Glover, 21 Wall. [88 U. S.] 342. Whether any cause of action accrued prior to the order of July 3, 1874, it is not necessary to determine. Judgment will be entered overruling the demurrer to the plea of the statute of limitations. Judgment accordingly.

---

WALKER (TRACY v.). See Case No. 14,-129.

WALKER (UNITED STATES v.). See Case No. 16,632.