## GEISREITER ET AL V. SEVIER.

1. RES JUDICATA:  *Plea to merits.*
   A plea to an action on a note, that the plaintiff is not the legal holder of the note, is not a plea to the merits, and a judgment of the court sustaining such plea is not an extinguishment of the debt, nor a bar to a recovery upon the note by the rightful holder.

2. BANKRUPTCY:  *Orders of Register not to be collaterally assailed.*
   The validity of an order made by the Register in Bankruptcy, except such as the bankrupt court only has power to make, cannot be collaterally questioned in the absence of any showing that it was disapproved by the court.

3. SAME:
   An order made after the discharge of an assignee in bankruptcy, authorizing him to sell subsequently acquired assets of the bankrupt, is equivalent to opening the discharge, or reappointing him as assignee.

4. ASSIGNMENTS OF NOTE:  *Consideration of, not to be questioned by maker.*
   The maker of a note when sued by an assignee, cannot question the consideration for the assignment.

5. BANKRUP. CY:  *When title of assignee to bankrupt's estate vests.*
   The assignment by the Register to the assignee, of the bankrupt's estate, relates to the commencement of the proceedings in bankruptcy, and thereupon, by operation of law, the title to all the estate of the bankrupt, both legal and equitable, vests in the assignee.

6. STATUTE LIMITATIONS:  *When stayed by fraud.*
   There must be fraud by the debtor, not by the creditor, to prevent the running of the Statute of Limitations.

7. SAME:  *When assignee in bankruptcy barred.*
   By the bankrupt act, neither the assignee in bankruptcy, nor his assignee, can maintain any suit to collect a debt due the bankrupt, after two years from the time the right of action on the debt accrued to the assignee in bankruptcy.

APPEAL from *Jefferson* Circuit Court, in Chancery.

Hon. J. B. WILLIAMS, Circuit Judge.

*M. L. Bell*, for appellant.

*Dodge & Johnson*, contra.

ENGLISH, C. J. :

The bill in this case was filed in the Circuit Court of Jefferson county, on the 28th of August, 1871, by Ambrose H.

Sevier against Sebastian Geisreiter, James P. McGaughey, A. L.. Breysacher and B. F. Fall.

The bill alleges, in substance, that on the 3d of September, 1867, William Warren Johnson, being the owner in fee of block No. 12, in James' addition to the city of Pine Bluff, bargained and sold, and by deed of that date intended to con-- vey to defendant Geisreiter, said block for $1,200, of which $600 was paid in cash, and the note of Geisreiter taken for $600, payable twelve months after date, and secured by an express lien reserved upon the block in the face of the deed.

That after said deed was executed, acknowledged and. recorded, said Wm. Warren Johnson discovered that by a mere mistake and clerical error therein he had conveyed to Geis-- reiter, block No. 14, in James' addition to Pine Bluff, which he did not own, instead of said block No. 12, which he did. own, did in fact sell, and intended to convey to Geisreiter.

That to correct said mistake, Johnson, on the 18th day of June, 1868, executed to Geisreiter a second deed, reciting the: first deed, the mistake therein, its registration, etc., and con- veying said block by proper description, which deed was duly acknowledged and recorded. Certified copies of both deeds,. with the certificates of acknowledgment and registration, are made exhibits.

That afterwards, Wm. Warren Johnson was adjudged a, bankrupt, on his own petition ; and James P. Clayton was. appointed his assignee in bankruptcy, who, as such, on the 7th of August, 1871, sold and assigned to plaintiff (Sevier) the note for $600, executed by Geisreiter to Johnson for balance of purchase money of said block, together with the equitable right and lien of the assignee in bankruptcy upon the property.

The note and assignment are exhibited. That defendants McGaughey, Breysacher and Fall had purchased a part, or the whole, of said block No. 12, and were residing threon, holding

·some interest therein unknown to plaintiff, and that they pur-chased with full knowledge that Geisreiter had not paid said note to Johnson or his assignee in bankruptcy.

Prayer for decree against defendant, Geisreiter, for the amount of the note, etc., and that the block be condemned to be sold by a commission to satisfy the decree, etc.

McGaughey answered the bill. He admits that Wm. War-ren Johnson sold to Geisreiter said block No. 12, and took his note for purchase money as alleged in the bill: That Johnson became a bankrupt some time in the year 1868, but fraudulently omitted to schedule said note for $600, and assigned it to Benj. S. Johnson, who brought suit upon it on the law side of the Circuit Court of Jefferson county, against Geisreiter, to the Spring term, 1869, and that such proceed-ings were had in the suit, that on trial of an issue joined in the cause, 19th of May, 1869, judgment was rendered against the plaintiff therein and in favor of Geisreiter, which was a satis-faction and extinction of said note as a lien on said block.

He alleges that on the 6th of October, 1869, he purchased lots 3 and 4 of said block No. 12, of Marcus L. Bell, for $1,000, which at the time of the purchase was the full value of the lots, and that said judgment being of record, he sup-posed of course the lien was extinguished, and avers that he was an innocent purchaser for a valuable consideration, with-out notice of any lien on the property, and claims the protec-tion of the court of equity.

That at the May term, 1871, of said court, Benjamin S. Johnson withdrew said note from the files of the court, leav-ing a copy, erased the assignment thereon to himself, and by fraudulent combination procured James P. Clayton, who had formerly been assignee in bankruptcy of William War-ren Johnson, but who had filed his accounts, and been dis-charged on the 18th of February, 1869, to make an assign-

ment of said note, on the 7th of August, 1871, to complainant, Sevier. That this assignment was illegal, fraudulent and without consideration. That Clayton made no public sale of the note, and gave no notice of sale, but assigned it to complainant, without consideration, to enable him to sue upon and collect it for the benefit of Benjamin S. Johnson, or the bankrupt, William Warren Johnson. So he charges that complainant has no legal or equitable title to the note, and ought not to recover upon it as against respondent, who claims to be an innocent purchaser.

That Clayton did not institute suit on the note within two years from the time his right of action accrued thereon, which was on his appointment as assignee, nor could he by assignment vest in complainant any right to sue on the note.

He asks that Benjamin S. Johnson and James P. Clayton be made parties to the suit, and that his answer be taken as a cross-bill against them, and that they be required to answer the same; and prays to be discharged with costs.

GEISREITER answered the bill. He adopts the answer of his co-defendant, McGaughey, so far as it relates to and admits the sale of the property to him, and the execution of the note by himself, and admits that the two deeds made exhibits to the bill are copies of the original. He further adopts the answer of McGaughey so far as it charges the fraud of William Warren Johnson in the suppression of said note in his bankrupt schedule; and the statement of the suit of Benjamin S. Johnson against respondent on the note, and the judgment in his favor therein, which he pleads as a bar to this suit.

Charges that the taking of the note from the records of the court, and the striking out of the assignment thereon, was illegal, and done for the purpose of perfecting and carrying out the original fraud of William Warren Johnson, and the procuring

of Clayton, the pretended assignee of said Johnson, more than two years after his final settlement and discharge, to make said pretended assignment and sale of said note to complainant, without notice of public sale, and without consideration, and that said sale and assignment was void, etc.

Also adopts so much of the answer of McGaughey as pleads the limitation of two years allowed the assignee in bankruptcy to sue on the note, etc.

Demurs to the whole bill for want of equity.

Asks that Benjamin S. Johnson and James P. Clayton be made defendants to the suit, and prays to be discharged, etc.

Complainants filed a replication to the answers of McGaughey and Geisreiter. Denies any fraudulent combination on his part as charged in the answer.

Alleges the truth to be that said William Warren Johnson having been legally adjudged a bankrupt, as stated, and the note herein sued on having been adjudged by the Supreme Court of the State to constitute a portion of the assets of said bankrupt, (see *Johnson* v. *Geisreiter*, 26 Ark., 44), the same was surrendered to the duly and legally appointed assignee of said bankrupt, and was by said assignee sold under the order of the bankrupt court, and complainant became the purchaser thereof as stated in the bill, which facts would appear from a transcript of the records of the bankrupt court made an exhibit.

That McGaughey was not an innocent purchaser as alleged, etc. That said note was described in the deed from William Warren Johnson to Geisreiter, etc., and also set out and described as an encumbrance upon said block No. 12 in a deed executed by Geisreiter to M. L. Bell and H. King White on the 5th of March, 1869, as the same appeared of record in the recorders office, etc., and that said incumbrance was further recognized and set out in an interchange deed executed between

said Bell and White on the 8th of April, 1869, and recorded, etc., certified copies of both of which deeds are made exhibits.

That Bell and White purchased said block No. 12 of Geisreiter for $700, and for the further consideration of a covenant on their part to hold him harmless against said note, which covenant was fixed by the deed from Geisreiter to them as a special lien on the block. That McGaughey and Fall purchased of Bell and White, and had not paid the full purchase money, but well knowing of said incumbrance withheld a portion of the purchase money for the special purpose of protecting themselves against it, etc.

That Bell and White were the real parties setting up the above defences in this suit, and if there was any fraud in the matter it was on their part, etc.

The cause was heard at the May term, 1877, upon the pleadings, exhibits and the depositions of James P. Clayton ; and defendants Breysacher and Fall having failed to answer a decree *pro confesso* was entered against them. The court held that Benjamin S. Johnson and James P. Clayton were not necessary parties, and rendered a decree against Geisreiter for the amount of the principal and interest of the note in suit, and condemned the whole of block No. 12, to be sold by a commissioner to satisfy the decree, unless the debt should be paid by Geisreiter on or before a day fixed in the decree, etc.

Geisreiter and McGaughey appealed to this court.

1. It appears that in the suit of Benjamin S. Johnson against Geisreiter, on the note in controversy in this case, Geisreiter pleaded that William Warren Johnson was the owner of the note at the time he filed his petition in bankruptcy, that he did not include the note in his schedule, and assigned it to Benjamin S. Johnson after the filing of the petition. That therefore the assignment was null and void, and that Johnson did not thereby acquire the legal title to the note. That to this

plea Johnson demurred, the court overruled the demurrer, he-
rested, and judgment was rendered discharging Geisreiter from
the action with costs.    On appeal by Johnson to this court,.
the judgment was affirmed (at the December term, 1870) the
court holding that the bankrupt could not make a valid assign-
ment of the note after filing his petition in bankrnptcy.    *John-
son* v. *Geisreiter*, 26 Ark., 74.

This is the judgment which appellant McGaughey,· in his
answer to the bill, pleaded as an extinguishment of the note in
controversy, and which appellant Geisreiter, in his answer,
pleaded as a bar to recovery by appellee, Sevier, in this suit.

The defense made by Geisreiter to the action brought by
Benj. S. Johnson on the note, was not a plea to the merits, it
was merely a plea that the legal title to the note was not in the
plaintiff in the action, and the judgment of the court sustaining·
the plea, was not an extinguishment of the debt, nor a bar to·
a subsequent recovery upon this note by any person rightfully
holding it.    *Cannon et al* v. *State*, 17 Ark., 365,    *Moss* v.
*Ashbrook et al*, 12 Ark., 375.

II.    It appears that at the May term, 1871, of the Circuit
Court of Jefferson county (20th May) Benj. S. Johnson
obtained leave of the court to withdraw the note in controversy
from the files of the court, on filing a copy thereof.

It appears from a transcript of the records of the District
Court of the United States for the Eastern District of Arkan-
sas, in the matter of Wm. Warren Johnson, bankrupt, exhib-
ited with the pleadings in this cause, that on the 18th day of
February, 1869, the accounts of James P. Clayton, as assignee·
of Wm. Warren Johnson, which, with a petition for discharge,
had been previously filed, were examined and approved by
Albert W. Bishop, Register in Bankruptcy, and Clayton
discharged.

It also appears that on the 27th of July, 1871, James P.

Clayton filed a petition in the bankrupt court, addressed to
the District Judge, stating, in substance, that he, on the ——
day of —— 1868, by order of the court in bankruptcy, was
appointed assignee of the estate of Wm. Warren Johnson,
bankrupt, pursuant to the 13th section of the Act of Congress
to establish a uniform system of bankruptcy, etc. That
among the estate of said bankrupt, which had come into his
possession, was a note for $600, dated Sept. 3d, 1867, given by
Sebastian Geisreiter, and made payable to Wm. Warren John-
son, or order. That this note or claim had come into his pos-
session within the last few days, and after the sale of the other
assets of the estate of said bankrupt. That this note was all
that remained of the assets of said bankrupt's estate in his
hands ; and praying the court to order the same to be sold at
private sale, and the proceeds thereof to be paid over to the
Register in Bankruptcy for the benefit of the creditors of the
estate of said bankrupt according to law.

Upon this petition the following order was made by the Reg-
ister in Bankruptcy.

"On reading and filing the petition of James P. Clayton,
assignee of the estate of the above named bankrupt, it is
ordered that said assignee be, and he is hereby authorized, to
sell all the interest of said bankrupt in a certain promissory
note for six hundred dollars ($600) dated Sept. 3d, 1867,
given by one Sebastian Geisreiter, and made payable to the
said Wm. W. Johnson or order, at private sale."

On the 7th of August, 1871, Clayton, as such assignee,
reported that he had sold the note mentioned in the order of
sale for $15, and filed a sworn account for settlement, (charg-
ing $10 for his services), and record petition for discharge.

On the 19th of August, 1871, his account was approved by
the register, and he was again discharged.

33

On the note in controversy, as made an exhibit to the bill, is this endorsement:

"I hereby assign this note, together with all equitable right and lien held by me, as assignee upon said property sold by said Wm. W. Johnson, value received, without recourse on me, to A. H. Sevier.

JAS. P. CLAYTON, Assignee."

Clayton in his deposition stated that when he sold the note he was of the opinion that it could not be made available to the creditors of the bankrupt, who were numerous, and that an attempt to litigate for the collection of the note would be expensive, and probably unsuccessful. That he had no interest in this suit, etc.

He shows that Benj. S. Johnson was active in procuring his reappointment as assignee, and in obtaining the order to sell the note, etc.

Upon the above facts it is insisted for appellants that the title to the note is not in Sevier, and that he had no right to sue thereon; that the register had no power to make an order directing Clayton to sell the note after his discharge as assignee, no authority to order him to make a private sale of the note, and if he had, Clayton sold the note for a price grossly inadequate, and the sale was therefore invalid.

Orders of the register are made under the supervision and control of the District Court, which is always open for bankrupt purposes, and any order made by the register, except such as the court only has power to make, must be regarded as valid, when collaterally questioned, as in this case, in the absence of any showing that it was disapproved by the court. *Rev. Stats, U. S. Bankruptcy, Ch.* 1. *Rule V. Bump*, 9 *Ed.* 858.

We take it that the order of the register authorizing Clayton, as assignee, to sell the note, made after his first discharge,

was equivalent to opening the order discharging him, or to his reappointment as assignee.

When assetts come to the hands of an assignee, or are ascertained to exist, after his discharge, we can see no good reason why the order discharging him might not be opened, or he be reappointed by the court, or register under its supervision, and such, we believe, is the practice.

The order to sell the note at private sale was doubtless made under sec. 28 of the *Bankrupt Act, Rev. Stat. U. S., sec.* 5064. *Bump (9 Ed.) p.* 130.

Whether the note was sold by the assignee for little or much did not concern Geisreiter, the maker of the note. He was a debtor, not a creditor of the bankrupt. The creditors might have applied to the bankrupt court to have the sale set aside on the ground that the note was sold for a grossly inadequate price. *Bump (9 Ed.) p.* 168. The maker of the note, when sued upon it by an assignee, cannot question the consideration given by the assignee to the assignor for the transfer of the note. *Booker* v. *Robbins & Page* 26 Ark., 660.

Perhaps if Geisreiter (though not a creditor of the bankrupt) had gone into the bankrupt court, and shown that Clayton, as assignee, under an order of the register, had made a private sale of his note to Sevier for $15, that the note was for $600, secured by a lien upon a block of ground in Pine Bluff, and that he was willing to pay the amount of money due upon the note into court for the benefit of the creditors of the bankrupt, the court would have accepted the money, and on proper process to Sevier required him to bring the note into court, set aside the sale, caused his $15 to be refunded to him, and the note to be surrendered to Geisreiter, and the balance of proceeds distributed to the creditors of the bankrupt.

But neither Geisreiter, nor any creditor of the bankrupt, appears to have made any objection before the bankrupt court to

the order of sale, or the sale and assignment of the note to Sevier. We must therefore regard him as holding the legal title to the note for the purposes of this suit.

III. We are next to enquire whether this suit was barred by the limitation of two years prescribed by the bankrupt act.

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. And this provision shall not in any case revive a right of action barred at the time when an assignee is appointed. *Rev. Stat. U. S.*, sec. 5037, p. 982.

There was a similar section in the bankrupt act of 1871, and the courts held that the limitation applied to suits by the assignee to collect the debts and assets of the estate as well as to suits relating to specific property. *Mitchell* v. *Great Work M. & M., Co.*, 2 Story, 660. *Prichard* v. *Chandler*, 2 Curtis, 448. *Paulding* v. *Lee et al*, 20 Ala., 753. *Harris* v. *Collins, et al*, 13 Ala., 388. *Comegys* v. *McCord*, 11 Ala., 932. *Archer* v. *Duval's, ad.*, 1 Florida, 219. *Pike* v. *Lowell*, 32 Maine, 245.

And the weight of judicial opinion (though there are some decisions to the contrary) favors the same ruling under the limitation section of the late bankrupt act above quoted. *Bailey* v. *Glover*, 21 Wallace, 342. *Payson* v. *Coffin*, 4 Dillon, 386. *Walker* v. *Towuer*, Ib., 165. *Miltenberger et al* v. *Phillips*, 2 Wood, 115. *Norton, assignee* v. *D. La Villebeauve*, 1 Ib., 163.

The object of the present suit was two-fold; *first*, to obtain a personal decree against Geisreiter, a debtor of the bankrupt,

and *second* to enforce a vendor's lien against a block of land in which appellant, McGaughey, claims an adverse interest.

In the deed from William Warren Johnson to Geisreiter of 3d September, 1867, an express lien was retained to secure the note for $600 given for balance of purchase money, and the deed was not to become absolute until the note was paid. There was a clerical mistake in the deed in describing the block, but this error was corrected by the deed of 18th of June, 1868, and construing the deeds together, Johnson, the vendor, had a lien on the block, like a mortgage, to secure the payment of the note recited in both deeds for balance of purchase money.

When a debtor has been adjudged a bankrupt, an assignee appointed and qualified, and assignment executed by the register, the assignment relates back to the commencement of the proceedings in bankruptcy, and thereupon, by operation of law, the title to all the property of the bankrupt, both personal and real, legal and equitable, vests in the assignee. *Bump*, p. 107.

It follows that the legal title to the note in question, with the equitable right to enforce the lien upon block No. 12, which was a security for and an incident to the debt, was in Clayton, as assignee of Johnson, from the time of the assignment (which related back to the commencement of the proceedings in bankruptcy) down to the date of his first discharge as assignee, though the note was not included in the schedule of the bankrupt, and was not in the possession of the assignee, during that period. The law vested in him the title to the note; hence this court held in *Johnson* v. *Geisreiter*, *sup.*, that Johnson (Ben S.) had no title to the note, and could not maintain an action upon it under an assignment made to him by the bankrupt after he filed his petition in bankruptcy.

The note matured on the 3d of September, 1868, when the right of action upon it accrued to Clayton as assignee, for we

take it that he could not sue at law upon the note, or bring a bill to foreclose the lien until the debt was due. The statute of limitation commenced running against him when his cause of action accrued, though he was not in possession of the note by reason of the fact that the bankrupt had not included the note in his schedule, but assigned and delivered it to Benjamin S. Johnson. It may have been a fraud, or a mistake, in the bankrupt to omit to schedule, and surrender the note to the assignee, but whether one or the other, it was not the fault of Geisreiter, the debtor. No fraud or concealment is imputed to him. There must be fraud in the debtor, and not the creditor or his representative, to prevent the running of the statute of limitations. *Prichard* v. *Chandler*, 2 Curtis, 488. *Bailey* v. *Glover, et al*, 21 Wallace, 342.

The statute was running against Clayton, as assignee, from the maturity of the note, to the time of his first discharge, which was on the 18th of February, 1869, a period of about five months and a half; but having commenced to run against him when he had the right to sue, it continued to run notwithstanding his discharge, and when he was reappointed, or his discharge opened, however it may be viewed, on the 27th of July, 1871, the two years limitation presented by the statute had expired, and his cause of action was barred. *Brown as ad* v. *Merrick & Fenno*, 16 Ark., 612.

This case differs from *McCustian* v. *Ramey, M. S.*, in which we held that when a right of action accrues to an estate when there is no administrator—no one to bring suit—the statute of limitations does not commence to run until an administrator is appointed.

At the time, therefore, that Clayton sold and assigned the note to Sevier, he had no cause of action at law upon the note, and no right to bring a bill in equity to foreclose the lien. His

Geisreiter et al vs. Sevier.

legal and equitable causes of action were barred in the courts, both Federal and State.

Can an assignee in bankruptcy assign a note barred in his hands by the Federal Statute, and thereby enable his assignee to sue the debtor and put him upon the general statute of limitations of the State?

In *Paulding* v. *Lee et al*, 20 Ala., 754, the suit was upon a claim purchased by the complainant of the assignee of a bankrupt firm, and two of the judges held (the others expressing no opinion) that the claim being barred as against a suit by the assignee, by the limitation section of the bankrupt act of 1871, the suit of the complainant was barred by the same statute.

So in *Pike* v. *Lowell*, 32 Maine, 245, an assignee in bankruptcy sold to Bolkcom a non-assignable chose in action belonging to the estate of the bankrupt, and Bolkcom not having the legal, but only an equitable title to the claim, sued the debtor in the name of the assignee of the bankrupt from whom he had purchased the claim. The court held that the suit was barred by the limitation clause of the bankrupt act of 1871. There the assignee of the bankrupt was but the nominal plaintiff, the purchaser of the claim being the virtual plaintiff.

In *Judson* v. *Lathrop*, 6 La. An., 587, it was held that the prescription of two years, in the bankrupt act of 1871, related to actions by and against assignees, and not to those for the recovery of debts disposed of as bankrupt assets. It does not appear, however, in this case, that the claim was barred in the hands of the assignee before he sold it.

At the time Clayton sold and assigned the note to Sevier, having no cause of action upon the debt, it being barred by limitation in his hands, he could not transfer to Sevier a larger right than himself posesssed. *Nemo plus juris ad alienum transferre potest quam ipse habet. Broom's Legal Maximes, p. 357.*

We are of the opinion that the suit of appellee was barred, and the decree of the court must be reversed, and a decree entered here dismissing the bill.