EDWARD A. FRENCH, assignee, *vs.* HARUM MERRILL.

Suffolk.   January 12; March 31. — April 12, 1882.

An action by an assignee in bankruptcy against an officer holding the proceeds of a sale of goods of the bankrupt, " to be disposed of according to law," under an attachment made within four months of the commencement of the proceedings in bankruptcy, is not barred by the U. S. Rev. Sts. § 5057, if begun within two years after demand and refusal, although not begun until eleven years after the attachment, in consequence of the negligence of the assignee in ascertaining the existence of such attachment.

DEVENS, J.   The defendant, as a deputy of the sheriff of Suffolk, had attached certain property belonging to William M. Jackson in a suit brought by Simes & Farley against him and others, his partners, which property had been sold by consent of Jackson, and the proceeds were held by the officer " to be disposed of according to law."   Within four months from the date of the attachment, and while the suit was still pending, Jackson filed his petition in bankruptcy, on October 7, 1869, and was duly adjudicated a bankrupt, and the plaintiff was appointed his assignee, on October 30, 1869.   The effect of the assignment was to dissolve the attachment of Jackson's property, and to entitle the assignee, on demand made, to its proceeds in the hands of the defendant.   U. S. Rev. Sts. § 5044.   *Cooley* v. *Cook,* 125 Mass. 406.   The assignee testified that, although the schedule of the bankrupt contained in its statement of assets " a stock of

groceries subject to attachment in suit of Simes & Farley," he never discovered the existence of this property and the attachment until about the month of August 1880, on the 24th of which month it was agreed that the plaintiff duly demanded in writing the proceeds thereof. The present action was brought on September 16, 1880. The presiding judge held that, although the assignee was guilty of gross negligence in failing to ascertain or to make inquiry as to the facts, and to make a demand from the time of his appointment to the month of August 1880, yet, in the absence of such a demand, § 5057 of the U. S. Rev. Sts. was not a bar to this action. All other questions presented by the bill of exceptions were waived at the hearing in this court, and the only inquiry for our consideration is as to the correctness of this ruling.

The section referred to provides that no suit shall be maintainable in any court between the assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee.

The defendant does not controvert the position that Congress, in the exercise of the power conferred upon it by the Constitution of the United States to establish a uniform system of bankruptcy, may provide a uniform rule on the subject of the limitation of actions, whether by or against an assignee in bankruptcy, and that such limitation must necessarily apply when suit is brought in a state court, as well as when it is brought in a federal court. *Comegys* v. *McCord*, 11 Ala. 932. *Archer* v. *Duval*, 1 Fla. 219. *Peiper* v. *Harmer*, 5 Bankr. Reg. 252. *Freelander* v. *Holloman*, 9 Bankr. Reg. 331. *Otis* v. *Hadley*, 112 Mass. 100.

It is said by Mr. Justice Nelson in *In re Conant*, 5 Blatchf. C. C. 54, referring to the section under examination: " It is obvious that the limitation applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt which come to the hands of the assignee, and to which adverse claims existed while in the hands of the bankrupt, and before the assignment." To the same effect see *Stevens* v. *Hauser*, 39 N. Y. 302. It is not necessary here to discuss

this point, for, even if the section in question be applicable to subsequent controversies arising from acts done by or against the assignee, the limitation cannot affect any suit the cause of which accrues after bankruptcy until two years have expired. *Banks* v. *Ogden,* 2 Wall. 57. In whatever manner the defendant might intend to hold the proceeds of Jackson's property, the limitation did not begin to run until the assignee had a right to sue to recover them. *Scovill* v. *Thayer,* 105 U. S. 143.

If the assignee was negligent, and grossly so, in doing those acts which would cause an action to accrue, that is not important here. For such negligence, if responsible at all, he is responsible in another tribunal. The proceeds of the goods were in the custody of the law, and rightfully in the hands of the defendant as the appropriate officer. There was no wrongful possession, until he repudiated a rightful claim made upon them by the party entitled thereto. His possession was that of the party to whom they belonged, and he could not, until that time, in a legal sense, hold them adversely. As they were rightfully held, no action accrued to the assignee until after demand and refusal, and within two years from that time this action was brought. *Wilder* v. *Bailey,* 3 Mass. 289. *Pollard* v. *Ross,* 5 Mass. 319. *Rogers* v. *Sumner,* 16 Pick. 387. *King* v. *Rice,* 12 Cush. 161. *Childs* v. *Jordan,* 106 Mass. 321. *Jones* v. *McDermott,* 114 Mass. 400. *Cooley* v. *Cook,* 125 Mass. 406. *Minot* v. *Tappan,* 127 Mass. 333, 338. *Davis* v. *Coburn,* 128 Mass. 377.

*Exceptions overruled.*

The case was argued at the bar in January 1882, and was afterwards submitted on briefs to all the judges.

*A. Russ & W. G. A. Pattee,* for the defendant.

*J. Cutler,* for the plaintiff.