DUFF, Assignee, etc., *v.* FIRST NAT. BANK OF WELLSVILLE, OHIO, and others.

(*Circuit Court, W. D. Pennsylvania.* August 5, 1882.)

1. PLEADING—MULTIFARIOUSNESS.

Where the purpose of the bill and the alleged foundation for relief are not so distinct in their nature as to make their joinder in one bill objectionable, but are intimately related as parts of a fraudulent scheme, and the bill so connects the defendants as to make them proper joint defendants, the bill is not multifarious.

2. JURISDICTION—NATIONAL BANKS.

Where service upon the defendant, a national bank, located and doing business in another state, was made under an order of court pursuant to the act of March 3, 1875, in a suit·to relieve the bankrupts' real estate, situated in this district, from the lien of certain judgments, and to remove a cloud upon the title, the bank is an "absent defendant," within the purview of that act, and jurisdiction attaches.

3. EQUITY—ADEQUATE REMEDY AT LAW.

Where some of the matters charged in the bill are peculiarly of equitable cognizance, while allegations of fraud pervade every part of it, the case is one for equitable relief.

4. LIMITATIONS—IN BANKRUPTCY CASES.

Where the foundation of the bill is fraud of a nature to conceal itself, and the fraudulent scheme charged is continuous, and now actively on foot, in a suit brought by the present assignee of the bankrupts, within two years after his appointment, an averment of the absence of knowledge of the fraud by the former assignee in bankruptcy is sufficient to avoid the bar of the statute of limitations.

In Equity.

*Sur* demurrers to the bill of complaint.

*Brown & ·Lambie*, for demurrers.

*Levi Bird Duff*, contra.

ACHESON, D. J.   The grounds of demurrer may be reduced to four heads:

1. That the bill is multifarious.   But in view of the purpose of the bill, and the alleged foundation for the relief sought, I think the matters charged are not so distinct and separate in their nature as to make their joinder in one bill objectionable.   As set forth, they are intimately related as parts of a fraudulent scheme.   So, too, the bill —especially in view of the agreement embodied in Exhibit A, and the allegations touching it—so connects the defendants together as to make them proper joint defendants.

2. That the First National Bank of Wellsville, Ohio, being located and doing business in the state of Ohio, is without the jurisdiction of the court.   The service upon the bank was made under an order of court pursuant to the act of congress of March 3, 1875.   The suit is to relieve the bankrupts' real estate, situate in this district, from the lien of certain judgments, and to remove a cloud upon the title, and I think the bank is an "absent defendant," within the purview of that act.   Moreover, the bank is the plaintiff in the judgments of this court alleged to be fraudulent, and which the bill seeks to have declared null and void, or set aside.   As respects said property and judgments, the jurisdiction of this court over the bank is, I think, clear.

3. That the plaintiff has a full, complete, and adequate remedy at law. But I do not think this objection well taken. Some of the matters charged in the bill are peculiarly of equitable cognizance, while allegations of *fraud* pervade every part of the bill. That the case is one for equitable relief is clear. The extent of that relief is, of course, not now to be determined.

4. The statute of limitations. Section 5057, Rev. St.

In *Bailey* v. *Glover*, 21 Wall. 342, Justice Miller says:

"In construing this statute, passed by the congress of the United States as part of the law of bankruptcy, we hold that where there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such a character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing, or those in privity with him." Id. 349, 350.

In the present case, the foundation of the bill is fraud of a nature to conceal itself; fraud originally in the judgments obtained before the bankruptcy, and fraud actively practiced in the revival of those judgments, and the use made of them since the bankruptcy. The bill charges continuous and existing collusion between one of the bankrupts and the plaintiffs in the judgments, and other of the defendants, to cheat and defraud the creditors of the bankrupts by the use made and to be made of the fraudulent judgments. If the allegations of the bill are true—and under the demurrers they must be so taken—the fraudulent scheme charged in the bill is now actively on foot.

This suit was brought by the present assignee within two years after his appointment, and in view of the secret character of the fraud alleged, I think the bill sufficiently avers the absence of knowledge thereof by Richard Arthurs, the former assignee in bankruptcy.

And now, August 5, 1882, the demurrers are overruled, and leave is granted to the defendants to answer the bill within 30 days.

NOTE. This section applies to actions and suits generally. *Archer* v. *Duval*, 1 Fla. 219; *Harris* v. *Collins*, 13 Ala. 388; *Paulding* v. *Lee*, 20 Ala. 753. The limitation is applicable to an action brought by the assignee to collect debts owing to the bankrupt (*Doty* v. *Johnson*, 6 FED. REP. 481) or due to the estate, (*Walker* v. *Towner*, 4 Dill. 165; *Lathrop* v. *Drake*, 91 U. S. 566; *Claflin* v. *Houseman*, 93 U. S. 130;) but that it does not apply to ordinary debts due the bankrupt prior to the adjudication, see *Sedgwick* v. *Casey*, 4 Bank. Reg. 497; *Smith* v. *Crawford*, 9 Bank. Reg. 38; *Bachman* v. *Packard*, 7 Bank. Reg. 353. As to the general policy of the bankrupt act to make a speedy settlement of the estate, see *Mitchell* v. *Great Works Co.* 2 Story, 659; .

*Norton* v. *De La Villebeuve*, 1 Woods, 168. The limitation of the statute applies to all claims (*Geisreiter* v. *Sevier*, 33 Ark. 522; *Norton* v. *De La Villebeuve*, 1 Woods, 163) and suits by the assignee to collect the debts and assets of the estate, as well as to recover specific property, (*Payson* v. *Coffin*, 4 Dill. 386; *Comegys* v. *McCord*, 11 Ala. 932;) as a suit to recover money paid as counsel fees by persons acting without authority, (*Millenberger* v. *Phillips*, 2 Woods, 115;) or by the assignee of a bankrupt corporation against stockholders to enforce the payment of their unpaid shares, (*Payson* v. *Coffin*, 5 Dill. 475; *Walker* v. *Townsend*, 4 Dill. 165; *Foreman* v. *Bigelow*, 18 Bank. Reg. 457;) or a claim for cotton captured by the military forces of the United States, (*Erwin* v. *U. S.* 97 U. S. 392.) This section applies to all judicial contests between the assignee and any persons whose interests are adverse to his, and the only modification is where an action was intended to obtain redress against concealed fraud, (*Smith* v. *Cincinnati, H. & D. R. Co.* 11 FED. REP. 289;) to suits against parties having adverse interests in property, (*Scoville* v. *Shew*, 4 Cliff. 549;) in property held adversely to the bankrupt and his assignee, (*Davis* v. *Anderson*, 6 Bank. Reg. 145;) and it has been held to apply only to cases where there is an adverse interest, (*Union Canal Co.* v. *Woodside*, 11 Pa. St. 176,) before the assignment in bankruptcy, (*In re Conant*, 5 Blatchf. 54.) So, purchasers from an assignee of property, transferable to or vested in him, as such assignee, cannot maintain a suit in equity, asserting their title to such property against persons claiming adverse rights therein, if at the time of the purchase the assignee's right of action was barred by this section, (*Gifford* v. *Helms*, 98 U. S. 249,) whether the property was obtained from the debtor before he was adjudged bankrupt or from some other owner, (*Knight* v. *Cheney*, 5 Bank. Reg. 305.) This section relates to suits by or against the assignee with respect to parties other than the bankrupt, (*Phelps* v. *McDonald*, 99 U. S. 298,) and applies to an action in the name of the assignee though brought wholly for the benefit of a third person, (*Pike* v. *Lowell*, 32 Me. 245;) but it has no application to a case in his own favor for injury to property, or for a disseizin in lands vested in him by the proceedings, (*Stevens* v. *Hauser*, 39 N. Y. 302; *Tappan* v. *Whittemore*, 18 Am. Law Reg. 191.) A controversy between the assignee and the personal representatives of the bankrupt as to the possession of stock is within this section, as no formal transfer on the books of the companies was necessary to vest the assignee with title, (*In re Staib*, 3 FED. REP. 209;) so proceedings to set aside a foreclosure sale, (*Phelan* v. *O'Brien*, 12 FED. REP. 428,) and a suit to ascertain and establish a lien on a vessel for supplies and repairs, is within this section, (*In re Churchman*, 5 FED. REP. 181.) When the bankruptcy proceedings are void for want of jurisdiction there is no basis for the limitation to rest on. *Adams* v. *Terrell*, 4 FED. REP. 803. An assignee is not precluded from defending against a claim by the wife of the bankrupt for a copyright royalty, on the ground that the copyright was transferred to her by her husband in fraud of creditors, because he did not within two years proceed by suit to recover it. *In re English*, 6 FED. REP. 276.

A proceeding to order a distribution of a fund in the registry is not an action or suit within this section, (*In re Masterson*, 4 Bank. Reg. 553,) nor a proceeding to recover property fraudulently conveyed by one who claims by vir-

tue of a voluntary assignment of the debtor, (*In re Krogman,* 5 Bank. Reg. 116.) A fraudulent conveyance may be set aside at any time within two years of the discovery of the fraud. *Nicholas* v. *Murray,* 5 Sawy. 320. So, when the fraud of the husband came to the knowledge of the wife within two years of filing her petition in bankruptcy, proceeding to claim her rights is not too late. *In re Anderson,* 2 Hughes, 378; *Tyler* v. *Angevine,* 15 Blatchf. 536. If there is a fraudulent concealment, the two years does not begin to run till the discovery of the fraud, (*Pritchard* v. *Chandler,* 2 Curt. 488; *In re Pitts,* 9 Fed. Rep. 544; *Aiken* v. *Edrington,* 15 Bank. Reg. 271;) but the operation of this section is not avoided by the naked averment of concealed fraud, (*Andrews* v. *Dole,* 11 Bank. Reg. 352.) This section does not apply to proceedings to review a bill in equity. *Will* v. *Stickney,* 15 Bank. Reg. 23. The pendency of a suit in chancery between the same parties in the same cause of action, which suit was afterwards dismissed for want of equity, does not interrupt or suspend the prescription provided in this section. *McCan* v. *Conery,* 12 Fed. Rep. 315. That this section does not preclude an action in the state court by the assignee in a cause which accrued to the bankrupt, was held in *Peiper* v. *Harmer,* 5 Bank. Reg. 252.---[Ed.