JOSEPH M. ROSS *vs.* GEORGE WILCOX.

Hampden. Sept. 26, 1882. — Jan. 3, 1883. FIELD, COLBURN & HOLMES, JJ., absent.

Under the U. S. Rev. Sts. § 5057, an action by an assignee in bankruptcy to collect a debt due to the estate must be brought within two years from the time when the cause of action accrued to the assignee.

CONTRACT upon an account annexed, by the assignee in bankruptcy of John Hood, for goods sold and delivered by the bankrupt to the defendant. Writ dated September 13, 1881. Answer: 1. A general denial. 2. The statute of limitations, U. S. Rev. Sts. § 5057.

At the trial in the Superior Court, before *Knowlton*, J., the plaintiff offered evidence tending to show that he was appointed assignee in bankruptcy of John Hood on May 19, 1875; that Hood, before his bankruptcy, namely, on September 8, 1874, sold to the defendant a set of wheels for $16, which sum the defendant had never paid; and that this claim, with others, had been sold by the plaintiff to F. H. Maxwell, for whose benefit this action was brought.

Upon this evidence, the defendant asked the judge to rule that this claim, being for a debt due the bankrupt's estate, was barred by the U. S. Rev. Sts. § 5057. The judge so ruled, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Ross, pro se.*

*W. B. Stone,* for the defendant.

C. ALLEN, J.   The only question in this case is, whether an action by an assignee in bankruptcy to collect a debt due to the estate must be brought within two years from the time when the cause of action accrued to the assignee.   According to the construction which has been given to the U. S. Rev. Sts. § 5057, by the Supreme Court of the United States, it must be; and the present action is therefore barred.   *Bailey* v. *Glover,* 21 Wall. 342.   *Gifford* v. *Helms,* 98 U. S. 248.   See also *Walker* v. *Towner,* 4 Dill. 165; *Upton* v. *McLaughlin,* 105 U. S. 640; *French* v. *Merrill,* 132 Mass. 525.                    *Exceptions overruled.*