CASE 86—BANKRUPT ACT—JANUARY 19, 1884.

# Clerk Louisville Chancery Court on Relation, &c., v. Trout.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. *Section 5057, Revised Statutes of the United States,* providing that no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an *adverse interest* touching any property, or rights of property transferable to or vested in such assignee, unless brought within two years, &c., applies to an action instituted by the assignee to enforce a lien upon land sold by the bankrupt.

2. The right to a lien is as much a right of property as is the thing or debt secured by the lien, which is transferable, and in this case was vested in the assignee.

3. The appellee's interest is adverse to the lien claimed, and in direct con-flict with it.

WM. REINECKE, THOS. B. FARLEIGH, AND E. F. TRABUE, FOR APPELLANT.

The question on this appeal is, whether a cause of action not originatıng with the bankrupt, but arising to the assignee in the course of his administration as assignee, is affected by the limitation of two years? Supposing that appellee entered upon the whole body of land on May 7, 1877, this hostile act was only one year and sixteen days before the assignee brought suit against appellee. Appellee is either a *tortfeasor,* intruding upon the premises after the title passed to the assignee, or he held under the assignee, and we maintain that the latter is the case. (Sedgwick on Const. Law, 395; 5 Humphrey, 395; 5 Maryland, 351; 1 Black, 469; 11 Piek, 490; 5 Wall, 111; 1 Mich., 479; 2 Mass., 539; 42 Md., 407; 8 Otto, 252; 21 Wall, 342; 18 Bankrupt Reg., 478; 1 Woods, 168; 11 Ala., 932; 1 Otto, 516; 16 Bank Ky., 285; 2 Story, 648; 2 Curtis, 488; 4 Dillon, 386; 13 Ala., 38; 20 *Ib.,* 753; 29 Me., 51; 2 Wall, 69; 4 Nat. Bank. Reg., 157; 3 Robertson, 448; 12 Tiff., 302; 39 N. Y., 302; 5 Blatchford, 54.)

BIJUR & DAVIE FOR APPELLEE.

We think it clear that when the Newcomb-Buchanan Company claims to be the owner of the land sought to be sold, they are claiming an ad-verse interest to the lien thereon claimed by the assignee.

The appellant's counsel fails to give any effect to the amendment of 1874, which makes the statute expressly applicable to suits for "debts."

Throughout all the cases referred to by appellant's counsel it will be seen that the broad policy of the statute was upheld as a statute of relief of "speedy administration." (Rev. Stat. U. S., secs. 5037, 5034, 5092,

5093, 4981, 5108, 5120; 11 Ala., 932; 5 Bank. Reg., 253; 32 Maine, 245; 2 Story, 660; 2 Curtis, 488; 4 Dillon, 386; 2 Woods, 115; 18 Bank Ky., 473.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action in the name of the clerk of the Louisville chancery court for the benefit of Mosby, assignee, &c., who is the real party interested and the substantial plaintiff, to recover the amount of several bonds executed by Trout, as purchaser, at a judicial sale of some real estate belonging to the bankrupt, and to enforce an alleged lien upon said realty for the satisfaction thereof. More than six years had elapsed from the time the assignee could have sued until he did sue on the bonds, and in the meantime Trout sold the land to certain persons named in the record, and they sold it to the appellee, the Newcomb-Buchanan Company, who paid its full value, regardless of the bonds, and as a defense, under these circumstances, pleaded the statute of two years limitation provided by section 5057 Revised Statutes of the United States, in bar of the action.

That section declares that "no suit, either at law or equity, shall be maintainable in any court, between an assignee in bankruptcy and a person claiming an *adverse interest*, touching any property, or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." This section has been frequently construed and held applicable to actions in State courts. (11 Ala., 932; 5 Bank. Reg., 253.) It is contended, however, that the rights claimed by the appellee are not adverse to those which the assignee is seeking to enforce, and for that reason the statute is not applicable. We do not agree with this proposition, because the right to a lien is as much a right of property as is the thing or debt secured by the lien, which is

transferable, and in this instance was vested in the assignee. And while it may be that the assignee is not suing to recover the land, he is seeking to have it sold to pay his alleged lien, and thus enforce a right touching the property in which the appellee has an adverse legal and equitable interest.

The appellee's interest and claim thereto are adverse to the lien claimed by the appellant, and in direct conflict with it. We, therefore, agree with the learned vice chancellor in holding the statute applicable to this case, and that the assignee's suit was not maintainable, because more than two years had elapsed from the time the cause of action accrued for him. It is not necessary to enlarge upon what has been so often and well said, in numerous decisions, of the good policy and purpose of the short limitation provided by the statute. As the object of the bankrupt law is to release the debtor from unmanageable and overwhelming embarrassment, and allow him an opportunity for another start in life and business, the sooner his estate is collected and distributed the better for all concerned in it. While the time is apparently short, when compared with our State statutes of limitation, it is certainly long enough within which to institute actions to recover the debtor's property and assets, which he is bound and presumed truly to disclose in his application for the benefits of the law in the very beginning.

Judgment affirmed.